UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION


| | | |
|---|---|---|
| IN THE MATTER OF | ) | |
| | ) | |
| NICKOLAS ANDRE PETTY and | ) | CASE NO.  08-34375 HCD |
| NICOLE SUZANNE PETTY, | ) | CHAPTER 13 |
| DEBTORS. | ) | |
| | ) | |
| | ) | |
| NICKOLAS ANDRE PETTY, | ) | |
| PLAINTIFF, | ) | |
| vs. | ) | PROC. NO. 09-3020 |
| | ) | |
| GREEN TREE SERVICING LLC, | ) | |
| KEITH A. ANDERSON and HEIDI PARKER, | ) | |
| DEFENDANTS. | ) | |

Appearances:

Debra Voltz-Miller, Esq., attorney for plaintiff, 1951 East Fox, South Bend, Indiana 46613; and

David J. Demers, Esq., attorney for defendant, Demers & Adams, LLC, Three North High Street, P.O. Box 714, New Albany, Ohio 43054.

MEMORANDUM OF DECISION

At South Bend, Indiana, on September 21, 2009.

Before the court is the Complaint for Injunctive Relief, Damages, Disallowance of Claim and Other Relief filed by the debtor Nickolas Andre Petty ("plaintiff") against the defendants Green Tree Servicing LLC, Keith A. Anderson, its Chief Operating Officer, and Heidi Parker, its Bankruptcy Representative ("defendants"). The Complaint focuses on the plaintiff's risk of financial identity theft as a result of the defendants' action. It alleges that the defendants disclosed the plaintiff's full social security number and other private information in the proof of claim filed with this court, and it seeks relief in the form of civil contempt, injunctive relief, sanctions, fees, expenses, and compensatory and punitive damages. The defendants filed a Motion to Dismiss the Complaint for failure to state a claim upon which relief may be granted. For the reasons that follow, the court grants the Motion to Dismiss and denies the relief requested in the Complaint.

<u>Jurisdiction</u>

Pursuant to 28 U.S.C. § 157(a) and Northern District of Indiana Local Rule 200.1, the United States District Court for the Northern District of Indiana has referred this case to this court for hearing and determination. After reviewing the record, the court determines that the matter before it is a core proceeding within the meaning of § 157(b)(2)(O) over which the court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(1) and 1334. This entry shall serve as findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52, made applicable in this proceeding by Federal Rules of Bankruptcy Procedure 7052 and 9014. Any conclusion of law more properly classified as a factual finding shall be deemed a fact, and any finding of fact more properly classified as a legal conclusion shall be deemed a conclusion of law.

<u>Background</u>

The facts herein are undisputed. The plaintiff and his spouse filed a chapter 13 petition on December 11, 2008 (Case Number 08-34375). On December 18, 2008, the defendants filed a proof of claim for a secured debt, incurred to purchase a mobile home, in the amount of $84,357.60. The underlying "Note, Disclosure and Security Agreement" attached to the proof of claim displayed the plaintiff's full social security number as well as other account numbers for the loan.

On March 6, 2009, the plaintiff filed a Complaint against the defendants. It alleged that, because the proof of claim was a public document, the plaintiff's private, personal information was available to all persons with internet access. *See* R. 1 at 3. It further contended that the defendants intentionally communicated or otherwise made available to the general public his sensitive, private data in direct violation of Rule 9037 of the Federal Rules of Bankruptcy Procedure.[1] Count III, the sole remaining claim of the Complaint, alleged that the defendants's inclusion of unredacted private information violated Rule 9037's

---

[1] The plaintiff also alleged violations of the following laws and rules: the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq.; federal district and bankruptcy court orders, rules, and policies; 11 U.S.C. § 107(a) and (c)(1); Ind. Code 35-43-5-3 and 34-24-3-1; and 11 U.S.C. § 105. In consideration of the emerging case law, however, the plaintiff agreed to dismiss Counts I, II, IV, V, and VI. *See* R. 8 at 3-4.

protection of privacy, put the plaintiff at risk, and caused him damage.  It asserted that the court had an inherent ability under 11 U.S.C. § 105(a) to enforce the court's orders and rules based on this violation of Rule 9037.

The defendants filed their Motion to Dismiss pursuant to Federal Rule of Bankruptcy Procedure 7012(b), urging that the none of the counts in the Complaint states a claim upon which relief may be granted. Count III failed to state a claim because neither provision relied upon by the plaintiff, Rule 9037 or § 105(a), created a private cause of action.  *See* R. 7 at 6 (citing *In re Taylor*, 263 B.R. 139, 151 (N.D. Ala. 2001) ("Section 105(a) cannot be used to create substantive rights that are not explicitly created in Title 11.")).

The plaintiff responded to the defendants' dismissal motion with a Response, *see* R. 8, and Amended Brief insisting that Count III states a claim for relief that "is plausible on its face."  R. 9 at 3 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  According to the plaintiff, the defendants admitted not redacting the social security number; even if the failure to redact was inadvertent, however, they still can be found in contempt, he urged.  *Id.* at 5 (citing *In re Andreas*, 373 B.R. 864, 874 (Bankr. N.D. Ill. 2007)).  Moreover, he asserted, this court had the authority to order the payment of fees and costs upon a finding of civil contempt.  *See id.* (citing *In re Andreas*, 373 B.R. at 877).  The plaintiff therefore asked the court to deny the Motion to Dismiss.

<u>DISCUSSION</u>

The defendants have asked the court to dismiss the plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable in bankruptcy proceedings under Federal Rule of Bankruptcy Procedure 7012, for failure to state a claim upon which relief can be granted.  The plaintiff has insisted that his allegations in Count III are plausible and that he is entitled to the relief sought.  The Seventh Circuit's recent iteration of the considerations for dismissal of a complaint under Rule 12(b)(6) states:

> As a general rule, in testing the sufficiency of a complaint, notice pleading remains the standard. A plaintiff's complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief" that is also sufficient to provide the defendant with "fair notice"

of the claim and its basis. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964, 167 L.Ed.2d 929 (2007); Fed. R. Civ. P. 8(a)(2). In order to demonstrate that he is entitled to relief, however, the pleader must show through his allegations that "it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo [v. Blagojevich]*, 526 F.3d [1074,] 1083 [(7th Cir. 2008)](quotation omitted); *see also Bell Atl.*, 127 S. Ct. at 1965-66. A complaint must do more than merely "*avoid foreclosing* possible bases for relief." *Tamayo*, 526 F. 3d at 1084 (quotation omitted). It "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Id.* (quotation omitted).

*Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667-68 (7th Cir. 2008). The appellate court recently noted that the *Twombly* plausibility standard is over-used as authority for dismissal of a suit. It should be applied, as it was in *Twombly*, in complex litigation cases, to save a defendant from the burdens and expenses of pretrial discovery if the plaintiff's claim is very weak. *See Smith v. Duffey*, 576 F.3d 336, 339-40 (7th Cir. 2009) (calling *Twombly* the "citation du jour in Rule 12(b)(6) cases"). Unlike *Twombly,* this case is not complex; there are no issues of fact in dispute and all the relevant evidence is in the record. *See id.* at 340. Nevertheless, because it "is apparent from the complaint and the plaintiff's arguments, without reference to anything else, that his case has no merit," a dismissal under Rule 12(b)(6) is justified. *Id.*

The plaintiff alleges that the defendants' failure to comply with Rule 9037 should be sanctioned, and that § 105 of the Bankruptcy Code gives the court the inherent ability to enforce that rule and to prevent an abuse of process. Rule 9037 of the Federal Rules of Bankruptcy Procedure provides privacy protection for filings made with the court. It states:

> (a) REDACTED FILINGS. Unless the court orders otherwise, in an electronic or paper filing made with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual, other than the debtor, known to be and identified as a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> > (1) the last four digits of the social-security number and taxpayer-identification number;
> > (2) the year of the individual's birth;
> > (3) the minor's initials; and
> > (4) the last four digits from the financial-account number.

4

Fed. R. Bankr. P. 9037(a).  According to the plaintiff, the defendants' failure to redact the nonpublic information from the proof of claim requires sanctions in the form of a finding of contempt, monetary sanctions and injunctive relief.

Subsection (d) provides the remedies a court may impose for violations of Rule 9037:

(d) For cause, the court may by order in a case under the Code:

> (1) require redaction of additional information; or
> (2) limit or prohibit a nonparty's remote electronic access to a document filed with the court.

Fed. R. Bankr. P. 9037(d).  In this case, eleven days after the plaintiff's Complaint was filed, the defendants filed a motion in this court seeking an order to accomplish the needed restriction of public access to private data.  *See* R. 31 (Case Number 08-34375).  On March 19, 2009, the court directed the Clerk of the Court to disable Green Tree's proof of claim and authorized Green Tree to redact the personal, private information and to resubmit an amended proof of claim.  *See* R. 33 (Order).  Accordingly, the Clerk of the Court denied public access to the proof of claim and the offending attachment on the court's Electronic Case Filing ("ECF") system and the Federal Judiciary's Public Access to Court Electronic Records ("PACER") system. Through that Order, the court granted the defendants the sought remedy and provided to the plaintiff the necessary protection.  It now concludes that further relief is not available under that Rule.  *See Lentz v. Bureau of Medical Economics (In re Lentz)*, 405 B.R. 893, 898 (Bankr. N.D. Ohio 2009) (stating that only remedy is Rule 9037(d) court order; concluding that court need not grant further relief); *Cordier v. Plains Commerce Bank (In re Cordier)*, Adv.No. 08-2037, 2009 WL 890604 at *5 (Bankr. D. Conn. Mar. 27, 2009) (concluding that, after court *sua sponte* sealed proof of claim and ordered defendant to file redacted proof of claim, request for monetary and injunctive relief was moot).

In his Complaint, however, the plaintiff seeks a finding of contempt, injunctive relief, sanctions and other damages.  (Although the Complaint, in its title, asks for "Disallowance of Claim," it does not seek disallowance or cancellation of the underlying debt to the defendant Green Tree in its prayer for relief.) When requests for remedies other than those provided in Rule 9037(d) are made, however, court decisions

5

uniformly deny them:  They hold that Rule 9037 does not provide a private right of action for such relief as cancelling the debt, disallowing the claim, or assessing sanctions against the defendants.  *See In re Gjestvang*, 405 B.R. 316, 321 (Bankr. E.D. Ark. 2009) ("Rules governing procedure in the federal courts do not give rise to a private cause of action."); *see also In re Lentz*, 405 B.R. at 898; *In re Cordier*, 2009 WL 890604 at *5; *French v. American Gen'l Fin'l Servs. (In re French)*, 401 B.R. 295, 307 (Bankr. E.D. Tenn. 2009).    Neither the Rule nor the advisory committee's notes provide that sanctions or damages are appropriate remedies under Rule 9037.  *See Carter v. Flagler Hospital, Inc. (In re Carter)*, __ B.R. __, 2009 WL 2870198 at *4 (Bankr. M.D. Fla. Apr. 6, 2009) (citing *In re French*, 401 B.R. at 307).  It is clear that the remedy under Rule 9037 "does not extend beyond the redaction of the offending documentation, which was accomplished by the court's order."  *In re French*, 401 B.R. at  309.

By disabling the defendant Green Tree's claim in the PACER system so that it was inaccessible to the public, the court fulfilled the Complaint's second Request for Relief less than two weeks after the filing of the Complaint.  Its prohibition of a nonparty's remote electronic access to the Green Tree proof of claim therefore has afforded to the plaintiff the remedy provided under Rule 9037(d)(2).  All other relief sought by the plaintiff is beyond the scope of Rule 9037.

The plaintiff argues, nevertheless, that § 105 of the Bankruptcy Code enables the court to enforce Rule 9037 and thus to provide other remedies.  Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  It expressly authorizes courts to compel and implement court orders and rules, including the rules in the Federal Rules of Bankruptcy Procedure.  *See In re Lentz*, 405 B.R. at 900; *In re French*, 401 B.R. at 315.  It "is a means to enforce the Code rather than an independent source of substantive authority."  *In re UAL Corp.*, 412 F.3d 775, 778 (7th Cir. 2005); *see also In re Gjestvang*, 405 B.R. at 321 ("Section 105 is a powerful tool at the disposal of bankruptcy courts; however, it cannot create substantive rights.").  On its own, therefore, § 105 does not authorize or create a private cause of action, but it may be invoked to preserve a right elsewhere

6

in the Bankruptcy Code.  *See In re Lentz*, 405 B.R. at 900 (citing *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 423 (6th Cir. 2000)).

Some courts have relied upon § 105 to authorize their consideration of a finding of contempt or imposition of sanctions on those who have violated Rule 9037.  *See, e.g.*, *In re French*, 401 B.R. at 315 ("Noncompliance with [Rule 9037] could potentially give rise to a contempt action.").  They have concluded that the Rule 9037 violation must have been deliberate, knowing or flagrant, or the attempt to correct the violation must have been unreasonably late, to warrant such remedies.  *See In re Carter*, 2009 WL 2870198 at *5; *Newton v. ACC of Enter., Inc. (In re Newton)*, No. 08-1106-DHW, 2009 WL 277437, at *5 (Bankr. M.D. Ala. Jan. 29, 2009).

The plaintiff relied upon *In re Andreas*, 373 B.R. 864, 874 (Bankr. N.D. Ill. 2007) to justify a finding of contempt in this case.  *See* R. 9 at 5.  The *Andreas* court opined that the violation of a court order need not be "'willful' to find a party in contempt."  *Id.* (quoting *Andreas*, 373 B.R. at 874).  Thus, the plaintiff argued, the defendants' inadvertent failure to redact the private information requires a finding of contempt.  However, the court finds *In re Andreas* inapposite in this case.  First, it does not address Rule 9037; it is concerned only with a court's contempt powers under § 105(a) to punish violations of the court's own orders.  Secondly, when that quoted phrase is taken in its full context, the case states a much more precise rule of law:  To find a party in contempt for violation of a court order, states *Andreas*, the violation need not be "willful" but must be "knowingly" done.  *Id.* at 874.  In *Andreas*, the Illinois bankruptcy court found that the defendant's violation of its Orders was both knowing and willful.  In this case, in contrast, the defendants stated that their failure to redact the plaintiff's social security number was inadvertent.  The plaintiff neither alleged nor offered evidence of a deliberate violation of Rule 9037.

The record shows that the defendants took action eleven days after the plaintiff's Complaint was filed.  They sought a court order restricting public access to the plaintiff's social security number and other private data.  The Order carrying out that restriction was issued two days later.  The court finds that the defendants inadvertently failed to redact the private information but took remedial action within a reasonable

7

time of learning of the violation.  There is no evidence or allegation that the defendants "flaunted the law with knowledge of its proscriptions."  *In re Newton*, No. 08-1106-DHW, 2009 WL 277437, at *5.  The court finds, therefore, that the violation does not give rise to a contempt order.  *See In re Lentz*, 405 B.R. at 900; *In re French*, 401 B.R. at 314.  It also determines that the violation of Rule 9037 was not deliberate, and certainly not flagrant; consequently, it is not necessary to consider whether other grounds are available for relief herein.  *See In re Cordier*, 2009 WL 890604 at *5 (finding that the failure to redact "does not rise to the level of egregiousness ordinarily required for the imposition of monetary sanctions pursuant to the Court's inherent powers").

In conclusion, the court already has provided the remedy available to the plaintiff under Rule 9037, and it finds that § 105, in conjunction with Rule 9037, does not entitle the plaintiff to a further basis for relief.  Having construed the allegations and the reasonable inferences therefrom in a light most favorable to the plaintiff, the court has determined that the plaintiff has failed to state a claim upon which relief can be granted:  Those allegations, if true, would not entitle the plaintiff to the relief sought under Count III, the only remaining count of the Complaint.  Consequently, it grants the dismissal motion filed by the defendants.


CONCLUSION

For the reasons presented above, the court grants the Defendants' Motion to Dismiss the Complaint.

SO ORDERED.


_____/s/ Harry C. Dees, Jr._____
HARRY C. DEES, JR., CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT